**JOSEPH W. CHARLES, P.C.**
**5704 West Palmaire Avenue**
**P.O. Box 1737**
**Glendale, Arizona 85311-1737**
**Tel: (623) 939-6546**
**Fax: (623) 939-6718**
**Email: attyjcharles@joecharles.com**

Joseph W. Charles
State Bar #003038
Attorneys for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE THE MATTER OF:<br><br>MARVIN L. ROSE and LORETTA M. ROSE,<br><br>              Debtors.<br>_____<br>MARVIN L. ROSE and LORETTA M. ROSE,<br><br>              Plaintiffs,<br>vs.<br><br>BAC HOME LOANS SERVICING, LP, Defendant; and EDWARD J. MANEY, CHAPTER 13 TRUSTEE | Chapter 13<br><br>Case No. 2:09-bk-16494-SSC<br><br>Adv. Proc. No.<br><br>**COMPLAINT**<br><br>RE: Real Property Located at 17851 W. Calavar Road Surprise, AZ 85388-7503 |

**Complaint of the Debtor Pursuant to 11 U.S.C. Section 506(a)
And Bankruptcy Rule 4012 to Determine the Value of
Security and Creditor's Allowed Secured Claim**

### Introduction

This is an action brought by the Plaintiffs pursuant to 11 U.S.C. Section 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the interest of the Defendant in the residential real estate of the Debtors and determine the amount of the allowed secured claim of the Defendant.

**Jurisdiction**

1. The Plaintiffs allege that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

2. The Plaintiffs further allege that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

**The Base Case and Parties**

3. The underlying Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on July 16, 2009.

4. An Order for Relief under the provisions of Chapter 13 of Title 11 of the United States Code was duly entered by this Court upon the filing of the petition. This order served to invoke the provisions of Section 362(a) of Title 11 of the United States Code.

5. The 341(a) meeting of creditors was held on August 26, 2009 in Phoenix, Arizona.

6. The Defendant is, upon information and belief, an entity engaged in the business of consumer credit lending in the State of Arizona, and which maintains a principal place of business in some state other than the State of Arizona.

**Factual Allegations**

7. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a debt was listed in favor of BAC HOME LOANS SERVICING, LP (hereinafter "BAC") for the deed of trust on the residential real estate of the debtors. The debtors believe and therefore allege in the petition and schedules that there was no equity in the residential real estate to which the mortgage could secure at the time that the loan was made and, therefore, provided for the claim to be paid as an unsecured claim under the terms of the confirmed plan.

8. The Plaintiffs allege that at the time they filed their bankruptcy petition and at the present time, the value of their interest in the said residential real estate was and is approximately $120,000.00. A copy of a recent appraisal in support of Debtors' claim is attached as Exhibit A.

9. The Plaintiffs' interest in the residential real estate is subject to a lien arising out of a mortgage in favor of BAC HOME LOANS SERVICING, LP (first mortgage) in the approximate amount of $207,835.00.

10. The Plaintiff alleges that there is no equity in the home attaching to their mortgage therefore the Defendant has no secured interest for the loan secured by the deed of trust on the subject real estate.

11. Pursuant to 11 U.S.C. Section 506(a), the Defendant has no allowable secured claim regarding the claim for the mortgage loan on the subject real estate.

12. Any timely filed claim of the Defendants for the mortgage loan is allowable only as an unsecured claim and to the extent that no such claim was filed, the Defendant has no claim against this estate.

WHEREFORE, the Plaintiffs respectfully pray of the Court as follows:

A. That this Court determine that the Defendant has no secured interest for the loan secured by the deed of trust on the residential real estate of the Debtors;

B. That this Court order the Defendant to cancel the mortgage lien on the residential real estate of the debtors pursuant to 11 U.S.C. Section 506(d), immediately upon the entry of the Discharge Order and deliver the same to the attorney for the debtors within 20 days from the date of the entry of the said order at no charge or fee for the aforesaid cancellation and delivery;

C. That this Court direct the Trustee that any timely filed proof of claim of the Defendant for the mortgage lien be treated as an unsecured claim under the plan;

D. That the attorney for the Plaintiffs be awarded reasonable Attorney's fees and related costs;

E. That the Plaintiffs have such other and further relief as to the Court may deem just and proper.

DATED this 4th day of December, 2009.

                    **JOSEPH W. CHARLES, P.C.**

                By:    /s/ Joseph W. Charles
                        **JOSEPH W. CHARLES**
                        5704 West Palmaire Avenue
                        Post Office Box 1737
                        Glendale, Arizona 85311
                        Attorney for Debtors